## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| GUADALUPE WHOBREY, as Plenary Guardian for KYLE WINSTON WHOBREY, ) ) ) | |
| Plaintiff, ) ) | Case No. 19-cv-2074 |
| v. ) ) | JURY TRIAL DEMANDED |
| CITY OF DANVILLE, ILLINOIS, a municipal corporation, OFFICER BRICIE WINKLER, and SERGEANT ERIC KIZER, ) ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff Guadalupe Whobrey ("Ms. Whobrey"), as plenary guardian for Kyle Winston Whobrey ("Kyle"), by and through her attorneys, NATHAN & KAMIONSKI LLP, and complaining of the Defendants Officer Bricie Winkler and Sergeant Eric Kizer ("Defendant Officers"), and the City of Danville, Illinois ("Danville"), state as follows:

### INTRODUCTION

1.  This is an action for compensatory and punitive damages pursuant to 42 U.SC. § 1983 brought by Guadalupe Whobrey on behalf of her son Kyle Whobrey, as his parent and plenary guardian, for violation of Kyle's rights guaranteed by the United States Constitution.

2.  As more fully described below, Defendant Officers used radically excessive force when they inexplicably electroshocked Kyle—a 29-year-old man that suffers from severe autism and mental retardation—approximately fourteen times with their Taser weapons before they falsified their police reports in order to cover up their misconduct.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction of all federal claims of this action under 28 U.S.C. §§ 1331 and 1343. This Court also has pendent jurisdiction under 28 U.S.C. § 1367 over the related state law claims.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391. On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

**PARTIES**

5. At all times relevant hereto, Plaintiff Guadalupe Whobrey is a resident of the State of Illinois, a citizen of the United States, and domiciled in this judicial district. Ms. Whobrey is the plenary guardian of her son, Kyle Whobrey, and she brings this action on behalf of Kyle.

6. Kyle Whobrey is a citizen of the United States, a resident of Danville, Illinois, and domiciled in this judicial district. Kyle was diagnosed with autism and mental retardation, conditions that render him nonverbal and unable to care for himself independently.

7. At all times relevant hereto, Defendant Police Officer Bricie Winkler (Star # 412) was a resident of the State of Illinois and a citizen of the United States, acting under color of law in her capacity as a law enforcement officer employed by the City of Danville as a police officer at the Danville Police Department.

8. At all times relevant hereto, Defendant Police Sergeant Eric Kizer (Star # 365) is a resident of the State of Illinois and a citizen of the United States, acting under color of law in his capacity as a law enforcement officer employed by the City of Danville as a police officer at the Danville Police Department.

9.  Defendant City of Danville, Illinois, is a municipal corporation duly organized and existing under the laws of Illinois, and is the legal entity responsible for itself and the Danville Police Department. Danville is also the employer of Defendants Winkler and Kizer and is a proper entity to be sued under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

10. On April 6, 2017, Kyle was living at a group home for disabled adults located at 629 Warrington Avenue in Danville.

11. At approximately 5:45 p.m., the counselor on duty at the group home called 911 for medical assistance for Kyle and told the dispatcher that she was calling from a group home and that the nurse believed Kyle was possibly overhydrating.

12. Defendant Officers responded to the group home and encountered Kyle as he was walking down the wheelchair ramp.

13. Defendant Officers unlawfully and violently grabbed an obviously confused Kyle by the hands.

14. Defendant Kizer then grabbed Kyle's shirt and pulled it over his head, which confused Kyle even more.

15. The counselor repeatedly told Defendant Officers that Kyle was disabled, that Kyle did not understand them, and that Kyle was nonverbal.

16. Defendant Officers proceeded to electroshock Kyle with their Taser X2 weapons approximately 14 times.

17. The use of force committed by Defendant Officers against Kyle was unreasonable under the totality of the circumstances. The use of force by Defendant Officers was completely disproportionate and unreasonable in light of Kyle's actions, his mental disability, the context of

3

the 911 call requesting medical assistance, the location of the call being a group home, and the totality of the circumstances.

18.     To cover up their excessive use of force, Defendant Officers falsely stated in their police reports that Kyle was only tasered three times. This was demonstrably false and is bellied by the physical injuries on Kyle's body, which, as depicted below, plainly shows at least 10 distinctive taser marks on Kyle's back alone:



19.     Upon information and belief, the records of Defendant Officers' own taser X2 weapons will also prove that Kyle was electroshocked approximately 14 times.

20.     After Defendant Officers finished physically abusing Kyle, he was sent to Presence Hospital by ambulance.

21.     As a result of the unlawful actions of Defendant Officers, Kyle suffered physical pain, injury, and permanent scarring from the excessive force. In addition, as a direct and proximate result of the wrongful conduct of Defendant Officers, Kyle suffered and continues to suffer severe extreme anxiety, including when he sees anyone in uniform, even though his own father was in the military for over 20 years.

## COUNT I

### 42 U.S.C. § 1983: Excessive Force
### (Plaintiff against Defendant Officers)

22. Plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

23. At all relevant times hereto, Defendant Officers were employees of Danville and acted under color of law.

24. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

25. As more fully set forth above, in response to the 911 call requesting an ambulance to transport Kyle to the hospital, Defendant Officers used excessive and unreasonable force by tasering Kyle, an autistic man with severe developmental challenges, approximately 14 times.

26. This misconduct by Defendant Officers was objectively unreasonable in light of the facts and circumstances confronting them at the time, and was undertaken intentionally and deliberately for the purpose of harming Kyle.

27. Any reasonable officer knew or should have known of these rights at the time of the conduct complained of as they were clearly established at that time.

28. By using excessive force against Kyle in the manner described above, Defendant Officers deprived Kyle of his clearly established rights under the Fourth Amendment to the U.S. Constitution to be free from unlawful seizures, including excessive force.

29. As a result of the excessive force perpetrated by Defendant Officers, Kyle suffered physical injuries and emotional damages.

## COUNT II

### Municipal Liability Under *Monell*
### (Plaintiff against Defendant City of Danville)

30. Plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

31. At all relevant times, Defendant Officers served as employees of the City of Danville, and they acted in accordance with a custom or policy of Danville.

32. The City of Danville is responsible for the creation and adoption of rules and regulations for the governance of the City of Danville and the Danville Police Department.

33. Despite the obvious need for adequate training for police officers about interacting with persons who suffer from autism, mental retardation and other mental disabilities, Danville has maintained and continues to maintain an unconstitutional policy of providing inadequate training for police officers as it applies to force with persons with mental disabilities.

34. At all relevant times, Danville knew, or should have known, that there was a need for adequate training for its police officers on how to identify individuals with mental disabilities, like Kyle, and the proper de-escalation techniques that should be utilized when encountering a mentally disabled individual.

35. Nevertheless, Danville provides grossly inadequate training to its police officers, resulting in unreasonable force being used to restrain mentally disabled individuals.

36. Danville's department-wide practice of failing to train its officers, including Defendant Officers, amounts to deliberate indifference to the constitutional rights of Kyle and other members of the public who suffer from cognitive or behavioral disabilities.

37. The unconstitutional actions of Defendant Officers against Kyle were taken pursuant to Danville's express, implied, and deliberately indifferent policy and practice of failing to adequately train its police officers as set forth above.

38. Danville's deliberate indifference to the unconstitutional policies and practices set forth above were a proximate cause of Kyle's physical and emotional injures.

## COUNT III

### Statutory Indemnification
### (Plaintiff against Defendant City of Danville)

39. Plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

40. At all relevant times, the City of Danville was the employer of Defendant Officers.

41. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42. Defendant Officers are or were employees of Danville, who acted under color of law and within the scope of their employment in committing the misconduct described above.

WHEREFORE, Plaintiff Guadalupe Whobrey, as plenary guardian for Kyle Whobrey, respectfully requests that judgment be entered in her favor and against Defendants Officer Bricie Winkler, Sergeant Eric Kizer, and the City of Danville, Illinois; that she be granted compensatory damages, as well as punitive damages against Defendant Officers; that she be granted injunctive relief requiring the City of Danville to provide proper training to its police officers; and, that she be granted an award of of costs and attorneys' fees, and such other relief this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) for all issues so triable.

Dated: April 1, 2019

                                      Respectfully submitted,

                                      <u>/s/ Shneur Z. Nathan, Atty No. 6294495</u>
                                      Shneur Z. Nathan
                                      Avi T. Kamionski
                                      Natalie Y. Adeeyo
                                      Nathan & Kamionski LLP
                                      33 West Monroe, Suite 1830
                                      Chicago, Illinois 60603
                                      (312) 612-1955
                                      snathan@nklawllp.com