E-FILED
Wednesday, 15 May, 2019  03:37:42 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

GUADALUPE WHOBREY, as Plenary,     )
Guardian for KYLE WINSTON WHOBREY,)
                             )
          Plaintiff,       )
                             )     Case No. 19-CV-2074-CSB-EIL
     v.                    )
                             )
CITY OF DANVILLE, et al.,         )
                             )
          Defendants.     )

**DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants, CITY OF DANVILLE, BRICIE WINKLER and ERIC KIZER (hereinafter "Defendants"), by and through their attorneys, O'Halloran, Kosoff, Geitner & Cook, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, Defendants state as follows:

**INTRODUCTION**

1.     This is an action for compensatory and punitive damages pursuant to 42 U.SC. §1983 brought by Guadalupe Whobrey on behalf of her son Kyle Whobrey, as his parent and plenary guardian, for violation of Kyle's rights guaranteed by the United States Constitution.

**ANSWER:**    **Defendants admit that Plaintiff's Complaint purports to bring a claim pursuant to 42 U.S.C. § 1983 and the United States Constitution.  However, Defendants deny that they acted or failed to act in any manner that deprived Plaintiff of his civil rights as alleged.**

2.     As more fully described below, Defendant Officers used radically excessive force when they inexplicably electroshocked Kyle--a 29-year-old man that suffers from severe autism and mental retardation-approximately fourteen times with their Taser weapons before they falsified their police reports in order to cover up their misconduct.

**ANSWER:  Defendants deny the allegations of Paragraph 2.**

<u>**JURISDICTION AND VENUE**</u>

3.      This Court has subject matter jurisdiction of all federal claims of this action under 28 U.S.C. §§ 1331 and 1343. This Court also has pendent jurisdiction under 28 U.S.C. § 1367 over the related state law claims.

**ANSWER:  Defendants admit that jurisdiction in this court is proper**

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391. On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

**ANSWER:    Defendants admit that venue in this court is proper**

<u>**PARTIES**</u>

5.      At all times relevant hereto, Plaintiff Guadalupe Whobrey is a resident of the State of Illinois, a citizen of the United States, and domiciled in this judicial district. Ms. Whobrey is the plenary guardian of her son, Kyle Whobrey, and she brings this action on behalf of Kyle.

**ANSWER:    Defendants admit that Plaintiff claims to reside in this judicial district, that she claims to be the plenary guardian of Kyle Whobrey and is bringing this action on his behalf.**

6.      Kyle Whobrey is a citizen of the United States, a resident of Danville, Illinois, and domiciled in this judicial district. Kyle was diagnosed with autism and mental retardation, conditions that render him nonverbal and unable to care for himself independently.

**ANSWER:    Defendants admit that Plaintiff claims that Kyle Whobrey resides in Danville, Illinois, which lies in this judicial district. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.**

7.      At all times relevant hereto, Defendant Police Officer Bricie Winkler (Star # 412) was a resident of the State of Illinois and a citizen of the United States, acting under color of law in her capacity as a law enforcement officer employed by the City of Danville as a police officer at the Danville Police Department.

**ANSWER:      Defendants admit that Defendant Officer Bricie Winkler was a resident of Illinois and a citizen of the United States at all relevant times. Defendants further admit that the City of Danville employed Winkler as a police officer and that she was working in the course and scope of her employment at all relevant times.**

8.      At all times relevant hereto, Defendant Police Sergeant Eric Kizer (Star # 365) is a resident of the State of Illinois and a citizen of the United States, acting under color of law in his capacity as a law enforcement officer employed by the City of Danville as a police officer at the Danville Police Department.

**ANSWER:      Defendants admit that Defendant Sergeant Eric Kizer was a resident of Illinois and a citizen of the United States at all relevant times. Defendants further admit that the City of Danville employed Kizer as a police officer and that he was working in the course and scope of his employment at all relevant times.**

9.      Defendant City of Danville, Illinois, is a municipal corporation duly organized and existing under the laws of Illinois, and is the legal entity responsible for itself and the Danville Police Department. Danville is also the employer of Defendants Winkler and Kizer and is a proper entity to be sued under 42 U.S.C. § 1983.

**ANSWER:      Defendants admit that the City of Danville ("Danville") is a municipal corporation in Illinois and lies in this judicial district. Defendants further admit that Danville employed the individual defendants as police officers and that same were working in the course and scope of that employment at all relevant times.**

## FACTUAL ALLEGATIONS

10.     On April 6, 2017, Kyle was living at a group home for disabled adults located at 629 Warrington Avenue in Danville.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.**

11.     At approximately 5:45 p.m., the counselor on duty at the group home called 911 for medical assistance for Kyle and told the dispatcher that she was calling from a group home and that the nurse believed Kyle was possibly overhydrating.

**ANSWER:     Defendants admit a 911 call was placed on the date of the subject incident seeking assistance for Kyle. Defendants admit the caller stated that a nurse believed that Kyle may be overhydrating. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.**

12.     Defendant Officers responded to the group home and encountered Kyle as he was walking down the wheelchair ramp.

**ANSWER:     Defendants admit that the Defendant Officers were eventually dispatched to 629 Warrington Avenue in Danville, IL due to a request from EMS to assist with a combative subject. Defendants deny the remaining allegations of Paragraph 12.**

13.     Defendant Officers unlawfully and violently grabbed an obviously confused Kyle by the hands.

**ANSWER:     Defendants deny the allegations of Paragraph 13.**

14.     Defendant Kizer then grabbed Kyle's shirt and pulled it over his head, which confused Kyle even more.

**ANSWER:     Defendants admit Sgt. Kizer pulled Kyle's shirt over his head during the subject incident but deny that the force used was either excessive or otherwise in violation of Plaintiff's rights and deny the remaining allegations of Paragraph 14.**

4

15.     The counselor repeatedly told Defendant Officers that Kyle was disabled, that Kyle did not understand them, and that Kyle was nonverbal.

**ANSWER:     Defendants deny the allegations of Paragraph 15.**

16.     Defendant Officers proceeded to electroshock Kyle with their Taser X2 weapons approximately 14 times.

**ANSWER:     Defendants deny the allegations of Paragraph 16.**

17.     The use of force committed by Defendant Officers against Kyle was unreasonable under the totality of the circumstances. The use of force by Defendant Officers was completely disproportionate and unreasonable in light of Kyle's actions, his mental disability, the context of the 911 call requesting medical assistance, the location of the call being a group home, and the totality of the circumstances.

**ANSWER:     Defendants deny the allegations of Paragraph 17.**

18.     To cover up their excessive use of force, Defendant Officers falsely stated in their police reports that Kyle was only tasered three times. This was demonstrably false and is bellied by the physical injuries on Kyle's body, which, as depicted below, plainly shows at least 10 distinctive taser marks on Kyle's back alone:

**ANSWER:     Defendants deny the allegations of Paragraph 18.**

19.     Upon information and belief, the records of Defendant Officers' own taser X2 weapons will also prove that Kyle was electroshocked approximately 14 times.

**ANSWER:     Defendants deny the allegations of Paragraph 19.**

20.     After Defendant Officers finished physically abusing Kyle, he was sent to Presence Hospital by ambulance.

**ANSWER:     Defendants admit Kyle was taken to Presence Hospital on the evening of the subject incident.  Defendants deny the remaining allegations of Paragraph 20.**

21.     As a result of the unlawful actions of Defendant Officers, Kyle suffered physical pain, injury, and permanent scarring from the excessive force. In addition, as a direct and proximate result of the wrongful conduct of Defendant Officers, Kyle suffered and continues to suffer severe extreme anxiety, including when he sees anyone in uniform, even though his own father was in the military for over 20 years.

**ANSWER:     Defendants deny the allegations of Paragraph 21.**

**COUNT I**
**42 U.S.C. §1983:  Excessive Force**
**(Plaintiff against Defendant Officers)**

22.     Plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

**ANSWER:     Defendants adopt and incorporate their answers to Paragraphs 1 through 21 *supra* as though more fully set forth in this Paragraph 22 of this Count I.**

23.     At all relevant times hereto, Defendant Officers were employees of Danville and acted under color of law.

**ANSWER:     Defendants admit the allegations of Paragraph 23.**

24.     Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER:     Defendants admit the existence of such statute, but deny that they acted or failed to act in any manner that deprived Plaintiff of her civil rights as alleged.**

25.     As more fully set forth above, in response to the 911 call requesting an ambulance to transport Kyle to the hospital, Defendant Officers used excessive and unreasonable force by tasering Kyle, an autistic man with severe developmental challenges, approximately 14 times.

**ANSWER:     Defendants deny the allegations of Paragraph 25.**

26.     This misconduct by Defendant Officers was objectively unreasonable in light of the facts and circumstances confronting them at the time, and was undertaken intentionally and deliberately for the purpose of harming Kyle.

**ANSWER:     Defendants deny the allegations of Paragraph 26.**

27.     Any reasonable officer knew or should have known of these rights at the time of the conduct complained of as they were clearly established at that time.

**ANSWER:     Defendants deny the allegations of Paragraph 27.**

28.     By using excessive force against Kyle in the manner described above, Defendant Officers deprived Kyle of his clearly established rights under the Fourth Amendment to the U.S. Constitution to be free from unlawful seizures, including excessive force.

**ANSWER:     Defendants deny the allegations of Paragraph 28.**

29.     As a result of the excessive force perpetrated by Defendant Officers, Kyle suffered physical injuries and emotional damages.

**ANSWER:     Defendants deny the allegations of Paragraph 29.**


**COUNT II**
**Municipal Liability Under *Monell***
**(Plaintiff against Defendant City of Danville)**

30.     Plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

**ANSWER:     Defendants adopt and incorporate their answers to Paragraphs 1 through 29 *supra* as though more fully set forth in this Paragraph 30 of this Count II.**

31.     At all relevant times, Defendant Officers served as employees of the City of Danville, and they acted in accordance with a custom or policy of Danville.

7

**ANSWER:    Defendants admit that they were acting in the course and scope of their employment as police officers for Danville at all relevant times, but deny the further allegations of Paragraph 31.**

32.    The City of Danville is responsible for the creation and adoption of rules and regulations for the governance of the City of Danville and the Danville Police Department.

**ANSWER:    The allegations in Paragraph 33 constitute legal conclusions to which no response is required.**

33.    Despite the obvious need for adequate training for police officers about interacting with persons who suffer from autism, mental retardation and other mental disabilities, Danville has maintained and continues to maintain an unconstitutional policy of providing inadequate training for police officers as it applies to force with persons with mental disabilities.

**ANSWER:    Defendants deny the allegations of Paragraph 33.**

34.    At all relevant times, Danville knew, or should have known, that there was a need for adequate training for its police officers on how to identify individuals with mental disabilities, like Kyle, and the proper de-escalation techniques that should be utilized when encountering a mentally disabled individual.

**ANSWER:    Defendants deny the allegations of Paragraph 34.**

35.    Nevertheless, Danville provides grossly inadequate training to its police officers, resulting in unreasonable force being used to restrain mentally disabled individuals.

**ANSWER:    Defendants deny the allegations of Paragraph 35.**

36.    Danville's department-wide practice of failing to train its officers, including Defendant Officers, amounts to deliberate indifference to the constitutional rights of Kyle and other members of the public who suffer from cognitive or behavioral disabilities.

**ANSWER:    Defendants deny the allegations of Paragraph 36.**

37.     The unconstitutional actions of Defendant Officers against Kyle were taken pursuant to Danville's express, implied, and deliberately indifferent policy and practice of failing to adequately train its police officers as set forth above.

**ANSWER:     Defendants deny the allegations of Paragraph 37.**

38.     Danville's deliberate indifference to the unconstitutional policies and practices set forth above were a proximate cause of Kyle's physical and emotional injures.

**ANSWER:     Defendants deny the allegations of Paragraph 38.**

**COUNT III**
**Statutory Indemnification**
**(Plaintiff against Defendant City of Danville)**

39.     Plaintiff realleges and incorporates all proceeding paragraphs as though fully set forth herein.

**ANSWER:     Defendants adopt and incorporate their answers to Paragraphs 1 through 39 *supra* as though more fully set forth in this Paragraph 39 of this Count III.**

40.     At all relevant times, the City of Danville was the employer of Defendant Officers.

**ANSWER:     Defendants admit that the individually named Defendants were employees of the City and acting in the course and scope of that employment at all relevant times, and in further answering deny that they committed any of the misconduct alleged herein.**

41.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:     Defendants make no answer to the above statement of law set forth in this Paragraph 41.**

42.     Defendant Officers are or were employees of Danville, who acted under color of law and within the scope of their employment in committing the misconduct described above.

**ANSWER:** **Defendants admit that the individually named Defendants were employees of the City and acting in the course and scope of that employment at all relevant times, and in further answering deny that they committed any of the misconduct alleged herein.**

WHEREFORE, Defendants, CITY OF DANVILLE, BRICIE WINKLER and ERIC KIZER, pray that this Court find in favor of Defendants, dismiss Plaintiff's Complaint with prejudice and award costs to Defendants.

## AFFIRMATIVE DEFENSES

In addition to the denials and defenses set forth hereinabove this Answer to Plaintiff's Complaint, Defendants state the following as additional affirmative defenses, to wit:

### First Affirmative Defense
### (Qualified Immunity)

1. At all relevant times, Defendant Officers were employed by the CITY OF DANVILLE as police officers, and were acting within the course and scope of that employment.

2. At all relevant times, Defendant Officers were actively involved in responding to a request for assistance from EMS regarding a combative subject, Kyle Whobrey, exhibiting increasingly violent behavior.

3. That upon arrival at the scene, Whobrey damaged property at the subject residence, refused to enter the ambulance or cooperate with the EMS crew, refused multiple commands from officers and was increasingly agitated and combative to the officers.

4. When Defendant Officers attempted to restrain Whobrey for his safety and protection, Whobrey continued to be combative, agitated and non-compliant.

5. Defendants aver that they are entitled to the defense of qualified immunity in that the physical control and restraint of Plaintiff given Plaintiff's active resistance and combative nature, *inter alia*, did not violate any clearly established constitutional right of Plaintiff.

10

WHEREFORE, Defendants pray that this Court find that the individual Defendant Officers are immune from suit on the basis of qualified immunity and pray for a judgment in their favor as against Plaintiff and for the costs associated with the defense of this action.

### Second Affirmative Defense
### (Reasonable Use of Force\Defense of Others)

6-10.   Defendants adopt and incorporate Paragraphs 1 through 5 of the above First Affirmative Defense as though more fully set forth herein as Paragraphs 6 through 10 of Defendants' Second Affirmative Defense.

11.   Defendants contend that the physical control and/or restraint and/or any force used during the restraining of Whobrey was reasonable and necessary, and therefore not excessive or in violation of Whobrey's civil rights.

12.   That any physical contact or restraining force used by Defendants was made in direct response to Whobrey's active resistance with Defendants and was used to avoid, prevent, and/or lessen Whobrey's harmful contact with other occupants in the residence and to the individual Defendants.

WHEREFORE, Defendants pray that this Court find that the individual Defendant Officers are immune from suit on the basis that the use of force was neither excessive or unreasonable and was necessary for the protection of the occupants of the residence and the individual Defendants and pray for a judgment in their favor as against Plaintiff and for the costs associated with the defense of this action.

WHEREFORE, Defendants, CITY OF DANVILLE, BRICIE WINKLER and ERIC KIZER pray that this Court find in favor of Defendants, dismiss Plaintiff's Complaint with prejudice and award costs to Defendants.

**DEFENDANTS DEMAND TRIAL BY JURY.**

Respectfully submitted,

**CITY OF DANVILLE, ERIC KIZER,
BRICIE WINKLER**

By:  *s/Daniel T. Corbett*
Daniel T. Corbett, #6312582
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL  60062
Phone: 847/291-0200
Fax:     847/291-9230
Email:  dcorbett@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

GUADALUPE WHOBREY, as Plenary,    )
Guardian for KYLE WINSTON WHOBREY,)
                           )
          Plaintiff,      )
                           )     Case No. 19-CV-2074-CSB-EIL
      v.                 )
                           )
CITY OF DANVILLE, et al.,      )
                           )
          Defendants.    )

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 15, 2019, I electronically filed ***Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant:

Shneur Z. Nathan
snathan@nklawllp.com

Avi T. Kamionski
akamionski@nklawllp.com

Natalie Y. Adeeyo
nadeeyo@nklawllp.com

          By:    *s/Daniel T. Corbett*
                   Daniel T. Corbett, #6312582
                   O'Halloran Kosoff Geitner & Cook, LLC
                   650 Dundee Road, Suite 475
                   Northbrook, IL 60062
                   Phone: 847/291-0200
                   Fax:    847/291-9230
                   Email: dcorbett@okgc.com